UNITED STATES DISTRICT COURT FOR THE _MIDDLE_ DISTRICT OF _ALABAMA_

PETITION UNDER 28 U.S.C. § 2254 BY A PERSON
IN CUSTODY PURSUANT TO A STATE COURT JUDGMENT

PROVIDED BY LIBERTY CI ON
JUN 1 3 2005
FOR MAILING __AY__

| UNITED STATES DISTRICT COURT | Division: _GENEVA_ |
|---|---|
| Name of Petitioner: _ANTHONY YOUNG_ | Prisoner No.: _Fla. Q10165_ | Case No. (to be assigned by Clerk): _3:05CV582-F_ |
| Place of Confinement (include address): _Liberty Correctional Institution 11064 N.W. Demsel Bannon Road, Bristol, Florida 32521_ |||

| NAME OF PETITIONER (include aliases) | v. | NAME OF RESPONDENT (authorized person having custody of petitioner) |
|---|---|---|
| _ANTHONY YOUNG, Pro-se_ | | _STATE OF ALABAMA_ |

ATTORNEY GENERAL OF THE STATE OF:
(State in which challenged judgment was entered)

## PETITION

1. Name and location (circuit and county) of court which entered the judgment of conviction/sentence under attack: _Re: Dismissal of Detainer under Interstate Agreement of Detainer Act 33rd Judicial Circuit, Geneva County_

2. Date of judgment (conviction/sentence): _Detainer entered July 14, 2005_

3. Length of sentence: _N/A_

4. Nature of offense involved (all counts): _Detainer is in reference to one (1) charge of Kidnapping_

5. What was your plea? (Check one)
   (a) Not Guilty ☐
   (b) Guilty ☐  _N/A_
   (c) Nolo contendere ☐

RECEIVED 2005 JUN 16 P 1:15

1

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details: __N/A__

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          ☐   N/A
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☑

9. If you did appeal, answer the following:

   (a) Name of Court: __N/A__

   (b) Result: __N/A__

   (c) Date of opinion and mandate (include So.2d citation, if known): __N/A__


   (d) Did you file a petition for rehearing?
       Yes ☐    No ☑
   If yes, give the result and date of the result: __N/A__


   (e) Did you file petition for writ of certiorari?
       Yes ☐    No ☑
   If yes, give the result and date of the result: __N/A__


10. Other than the direct appeal, have you previously filed any petitions, applications, or motions with respect to this judgment in state court?
    Yes ☑    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court: __Thirty Third Judicial Circuit Court__

        (2) Date filed: __On or about July 01, 2004__

        (3) Nature of proceeding (Fla.R.Crim.P. 3.850, habeas corpus, etc.): __Notice Of Expiration And Request For Final Disposition__

2

    (4) Grounds raised: _See Exhibit "C" Attached_

    (5) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☑

    (6) Result: _No Acknowledgement_

    (7) Date of result: _N/A_

  (b) Did you appeal the result?
        Yes ☐    No ☑

If yes, give the result and date of the opinion and mandate (include So.2d citation, if known): _____

  (c) If you did *not* appeal the result, explain briefly why you did not: _No Court order to Appeal from_

12. Did you file any other petitions or motions in state court aside from those described above?
    Yes ☑  No ☐  _Exhibit "D" Attached_

    If yes, set forth on a separate sheet of paper the same information (as requested in 11(a)-(c)) as to the other petitions or motions.

13. Have you previously filed a § 2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court?
    Yes ☐  No ☑

    If yes, provide the name of the court, case number, and result (including the result of any appeal):

3

GROUND ONE:

PETITIONER WAS PREJUDICIALLY DENIED TO BE BROUGHT TO TRIAL WITHIN THE 180 DAY TIME LIMITATION UNDER INTERSTATE AGREEMENT ON DETAINER ACT § 2, ARTICLE III ET SEQ A STATUTORY RIGHT TO BE DISMISSED WHERE THE STATE OF ALABAMA FAILED TO FULFILL ITS OBLIGATION UNDER THE ACT. ALL INCLUSIVE 18 USC § 1361, ET SEQ.

SUPPORTING FACTS:

Upon entering the Florida Department of Corrections, your Petitioner (Young) was advised by his Classification Officer (Exhibit "A") that a detainer was placed on him, July 16, 2003. On August 19, 2003 Young received Agreement on Detainers forms (Exhibit "B") for sending to Geneva, Alabama in criminal case number 2000-000766 in reference of an alleged Kidnapping. On September 10, 2003, Young received verification through his Classification Officer (Exhibit "C") that the Interstate Agreement On Detainers were mailed.[1]

On October 01, 2003, Young made contact via-inmate request for the progress of his Interstate Agreement on Detainers Act (IADA), whereby in response to his request was that the (IADA) was received by the Geneva District Attorney on September 23, 2003. (Exhibit D).

After Young received confirmation that the (IADA) was received by Alabama, he waited until July 01, 2004, ten months later to file a "Notice Of Expiration And Further Request For Final Disposition" in the circuit court of Geneva (Exhibit E). This said notice was

---

[1]. The (IADA) forms were followed as statutory requirements mandate under Article III-et-seq signed by Classification as well as the Warden at Liberty C.I.

never answered. In or about July 29, 2004, Young mailed, for filing with the Clerk of Court and the District Attorney a Motion To Dismiss Case. (Exhibit "F") Since this time of between September 30, 2004 to June 11, 2005 the completion, copying and mailing of this respective 28 USC §2254 Habeas Corpus Petition on June 11, 2005 there has been no acknowledgement of the (IADA) or "Notice" or "Motion to Dismiss." since this began.

Without having any acknowledgement from the District Attorney or the lower state court, Young has no other remedy to exhaust. There are no orders to appeal to a higher state court, thus, this Petition may be duly filed in this United States District Court, to invoke jurisdiction to dismiss Young's Detainer where he has been Prejudicially denied to be brought to trial within 180 days under (IADA) Article III §2 where the State of Alabama further prejudiced Young by failing to fulfill its obligation with prejudice equally based on the State Of Alabama's District Attorney's intentional or sabotage of Young's statutory right, imposing his right to a full and fair fact finding process.

### MEMORANDUM IN SUPPORT

Because Young requested final disposition of his Alabama charges under (IADA) knowingly it was received (Exhibit D) the jurisdiction that lodged the detainer, he has to his knowledge exhausted his available state procedures warranting habeas review und section 2254. Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003) - Turner v. Crosby, 339 F.3d 1247 (11th Cir. 2003).

The fact that the State of Alabama has not brought Young to trial within 180 days under IADA. §2 Article III et seq., he is further entitled to dismissal. United States v. Mauro, 436 U.S. 340, 351-354, 98 S.Ct. 1834, 1842-43 (1978). "If the prisoner is not brought to trial within 180 days period, the court "shall enter an order dismissing the indictment [information] with prejudice. (emphasis provided). United States v. Reed, 910 F.2d 621, 624 (9th Cir 1990). See also, United States v. Boone, 959 F.2d 1550, 1553 (11th Cir. 1992).

Petitioner Young triggered the 180 day clock applicable under (IADA) requirements for final disposition of the Alabama charge. United States v. Reed id., Art. III (a).

If petitioner has failed in anyway to comply with the technical requirements of the (IADA) it is because the state of Alabama failed to meet its obligations, the remedial provisions of the (IADA) by failing to acknowledge its requirements upon receiving request for final disposition. Thus prejudicially denying Young his statutory right to do so. Reed supra. Also see, United States v. Smith, 696 F. Supp. 1381, 1384 (D. Or. 1988) "a prisoners right under the (IADA) should not be subject to intentional or or negligent sabotage by Government Officials." Based on this developed record by Young herein, this court should find that the failure to comply with the (IADA) requirements are the result of Alabama's District Attorney and Young's rights to speedy trial were imposed upon, entitling him to dismissal, which were well expired in March, 2004.

Whereby, this respective United States District Court for Alabama should find inclusively that the statutory language

p. 4-B

of the (IADA) requires nothing less, since even no continuances have been filed or granted.

 This interpretation is consistant with the provisions of the Speedy Trial Act, 18 USC § 3161, which is construed together with (IADA) United States v. Cerbas, 937 F.2d 816, 819 (2nd Cir. 1991). The Speedy Trial Act also contains explicit mandatory language requiring dismissal of the indictment, information or complaint "[I]f a defendant is not brought to trial within the time limit...." 18 USC § 3162 (a)(2). Accord. United States v. Tummolo, 822 F.supp. 1561 (S.D. Fla. 1993) Satisfying prejudice demonstration in Sermore v. Alabama, 846 F.2d 1355 (11th Cir. 1988). Dismissal is mandatory in the above-styled cause.

E.   Set forth additional grounds, if any, on separate sheets of paper.

15. What relief do you seek from this Court if your § 2254 petition is granted? Petitioner moves this respective United States District Court of Alabama to grant a evidentiary, enter a order dismissing all charges against Young in this case under the (I.A.D.A) with prejudice

Wherefore, petitioner prays that the Court grant all relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty or perjury that the foregoing is true and correct. Executed on:

June 13, 2005                           Anthony Young
(Date)                                  Signature of Petitioner

IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):
☒ delivered to prison officials for mailing, or ☐ deposited in the prison's internal mail system on:
June 13, 2005    (date).

Anthony Young
Signature of Petitioner

Revised 07/02

6