IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY YOUNG, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| vs. ) | CASE NO. 1:05-CV-582-F |
| ) | |
| RUSSELL HARTFORD, et al., ) | |
| ) | |
| RESPONDENTS. ) | |

### ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's June 20, 2005 and July 12, 2005 orders, hereby respectfully submit this Answer to the petition for writ of habeas corpus filed by Anthony Young.[1]

The Respondents deny that Young is entitled to any relief whatsoever under the federal writ of habeas corpus.

### PROCEDURAL BACKGROUND

1. Young is incarcerated at Liberty Correctional Facility in Bristol, Florida,

---

[1] Undersigned counsel has received two identical petitions submitted by Young; the certificates of service on these petitions are dated June 13, 2005 and June 27, 2005. This Answer is styled as "Anthony Young v. Russell Hartford, et al.," as the case is styled by this Court's order; however, Russell Hosford, not "Hartford," is the warden of Liberty Correctional Facility in Bristol, Florida, where Young is currently incarcerated.

and is currently scheduled for a maximum release date of November 29, 2010. Petitioner's Ex. B, p. 5. A warrant for Young's arrest on the charge of first degree kidnapping, a violation of Alabama Code (1975) § 13A-6-43, was issued by the Magistrate of the Geneva County District Court (WR-2000-966) on December 12, 2000. Respondent's Ex. A. Pursuant to this warrant, and at the request of the Geneva County Sheriff's Department, a "hold" or detainer was placed upon Young by the Florida Department of Corrections on or about July 16, 2003. Respondents' Ex. A; Petitioner's Exs. A, B. Liberty Correctional Facility Warden Russell Hosford informed Young of this detainer. Petitioner's Ex. B.

2. On August 20, 2003, Young mailed a request for disposition of the detainer, along with other supporting documents, to David C. Emery, Esq., who was District Attorney for the 33rd Circuit (encompassing Geneva County) at that time. Petitioner's Ex. B, p. 4.

3. Young claims to have filed a "Notice of Expiration and Request for Final Disposition" in Geneva County Circuit Court on July 1, 2004, and a "Defendant's Motion to Dismiss Case" in Geneva County Circuit Court on July 29, 2004. Petitioner's Exs. E, F. The Geneva County Circuit Court Clerk has no record of these filings in either Geneva County District Court or Geneva County Circuit Court. Respondents' Ex. B.

4. In the instant petition for habeas corpus filed in this Court, Young, citing the Interstate Agreement on Detainers, seeks this Court to dismiss the kidnapping warrant and the resulting detainer placed upon him.

## ARGUMENT

**YOUNG IS NOT ENTITLED TO FEDERAL HABEAS RELIEF, DUE TO HIS FAILURE TO EXHAUST HIS STATE LAW REMEDIES AND TO COMPLY WITH THE DISPOSITION PROCEDURE PROVIDED BY THE INTERSTATE AGREEMENT ON DETAINERS.**

5. "Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." McNair v. Campbell, Nos. 04-11400, 04-12700, 2005 WL 1634046, at *6 (11th Cir. Jul. 13, 2005), citing 28 U.S.C. § 2254(b)(1). This exhaustion requirement is "grounded in the principles of comity and federalism[.]" Henderson v. Campbell, 353 F. 3d 880, 897-898 (11th Cir. 2003); Brownlee v. Haley, 306 F. 3d 1043, 1065 (11th Cir. 2002). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999).

6. In his petition, Young seeks this Court to order the dismissal of his kidnapping arrest warrant pursuant to the Interstate Agreement on Detainers

3

("IAD"), because, he claims, he has not been timely prosecuted after he submitted his request for its disposition. Article III of the IAD, which was adopted by the State of Alabama and codifed in Alabama Code (1975) § 15-9-81, "establishes a procedure by which a prisoner incarcerated in one State....may demand the speedy disposition of 'any untried indictment, information or complaint' that is the basis of a detainer lodged against him by another State[.]" Carchman v. Nash, 473 U.S. 716, 105 S. Ct. 3401, 87 L. Ed. 2d 516 (1985); Alabama v. Bozeman, 533 U.S. 146, 149, 121 S. Ct. 2079, 2083, 150 L. Ed. 2d 188 (2001). Article III of the IAD provides that the defendant "...shall be brought to trial within 180 days after he shall have caused to be delivered <u>to the prosecuting officer and the appropriate court</u> of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]" (Emphasis added.)

7. Though Young now seeks this Court to dismiss his kidnapping arrest warrant and resulting detainer pursuant to the IAD, Young has not presented his arguments in state court. He could seek relief by filing a petition for writ of habeas corpus in state court, but has not done so. "[A] writ of habeas corpus is the proper vehicle with which to attack interstate detainers." Stephenson v. State 801 So. 2d 34, 35 (Ala. Crim. App. 2000), citing Speights v. State, 546 So. 2d 1009 (Ala. Crim. App. 1988). If he were to receive an adverse ruling on such a petition,

4

Young would be required to then seek appellate review in the Alabama Court of Criminal Appeals and the Alabama Supreme Court; otherwise, his claim would still be unexhausted for purposes of federal habeas review. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731. Further, "absent special and unique circumstances, federal habeas corpus does not lie to adjudicate the merits of affirmative defenses to state criminal charges." Georgalis v. Dixon, 776 F. 2d 261, 262 (11th Cir. 1985) (holding that the district court properly dismissed habeas petition attacking arrest warrant pursuant to the IAD, due the petitioner's failure to exhaust state remedies).

8. Further, Young has offered no proof that he delivered his request for final disposition to "the appropriate court" as required by the IAD. The Geneva County Circuit and District Courts have no record that Young filed his request in either of those courts. Respondents' Ex. B. The provisions of the IAD are strictly construed, see, e.g., Alabama v. Bozeman, 533 U.S. 146, 121 S. Ct. 2079; thus, Young has not shown that he has properly complied with the IAD to seek disposition of his kidnapping warrant.

## CONCLUSION

Because Young has failed to exhaust his remedies in state court and has failed to comply with the notice provisions of the Interstate Agreement on Detainers, this Court should dismiss Young's petition.

> Respectfully submitted,
>
> Troy King(KIN047)
> Attorney General
> By:
>
> /s/Marc A. Starrett
> Marc A. Starrett
> Assistant Attorney General
> ID #STARM1168

## EXHIBITS

Exhibit A: December 8, 2000 arrest warrant and complaint issued by the Geneva County District Court; "Acknowledgment of Detainer" delivered to Geneva County Sheriff's Department by the Florida Department of Corrections

Exhibit B: Affidavit of Gail Laye, Geneva County Circuit Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of July, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Anthony Young
>Inmate, Liberty Correctional Institution
>11064 N.W. Dempsey Barron Road
>Bristol, Florida 32321

>/s/Marc A. Starrett
>Marc A. Starrett (STARM1168)
>Office of the Attorney General
>Alabama State House
>11 South Union
>Montgomery, AL 36130-0152
>Telephone: (334) 242-7300
>Fax: (334) 242-2848
>E-Mail: MStarrett@AGO.State.Al.US

ADDRRESS OF COUNSEL;

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
211192/Young
82570-001