IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY YOUNG, | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 1:05-CV-582-F |
| | (WO) |
| RUSSELL HOSFORD,[1] *et al.*, | * |
| Respondents. | * |

**ORDER**

This case is before the court on Petitioner's writ of habeas corpus under 28 U.S.C. § 2241. He seeks dismissal of state charges because, he contends, Alabama has failed to try him within the 180-day limit established by the Interstate Agreement on Detainers, 18 U.S.C. app. 2, § 2.

Petitioner, Anthony Young ["Young"], is currently incarcerated in Bristol, Florida, and scheduled for a maximum release date of November 29, 2010. On December 8, 2000, a Magistrate for the Geneva County District Court issued a warrant for Petitioner's arrest on a charge of first degree kidnapping. As a result of the warrant, and pursuant to a request by the Geneva County Sheriff's Department, a detainer was placed on Young by the Florida Department of Corrections on or about July 16, 2003. (Doc. No. 1, Exh. B, Doc. No. 12, Exh. A.)

---

[1] The Respondent was previously incorrectly identified as "Russell Hartford."

On August 20, 2003 Petitioner mailed to the District Attorney for Geneva County a request for disposition of the detainer. Young also contends that he filed a "Notice of Expiration and Request for Final Disposition" in the Circuit Court for Geneva County, Alabama, on July 1, 2004 and a pleading captioned as "Defendant's Motion to Dismiss Case" in the Circuit Court for Geneva County on July 29, 2004. The Clerk of Court for Geneva County, Alabama, however, has no record of these filings. (Doc. No. 1, Exh. B., Doc. No. 12, Exh. B.)

In his § 2241 petition, Young contends that Alabama failed to try him on a pending state charge within 180 days of his request in violation of the Interstate Agreement on Detainers. *See* 18 U.S.C. app. 2, § 2, art. III(a). Respondents maintain that the instant petition should be dismissed because Young has not exhausted this claim through the state courts. (Doc. No. 12.)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." *See* 28 U.S.C. § 2254(1)(b)(1)(A). Although § 2241 does not explicitly require exhaustion of state or administrative remedies for habeas petitions, judicial decisions have incorporated an exhaustion requirement as part of the judicial review under § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-92 (1973); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The exhaustion requirement is based on principles of comity, requiring Petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).

Upon review of the pleadings filed in this case, it appears that Petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before August 15, 2005 Petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done this 26th day of July, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE